**Dale Maurice MILLER,**
**Plaintiff–Appellant,**

v.

**Rick WERTANEN, et al., Defendants–**
**Appellees.**

No. 03–2245.

United States Court of Appeals,
Sixth Circuit.

Aug. 25, 2004.

Dale Maurice Miller, Baraga, MI, pro se.

Before BATCHELDER and GIBBONS, Circuit Judges; and STAFFORD, District Judge.*

*ORDER*

Dale Maurice Miller, a Michigan state prisoner, appeals pro se a district court order dismissing his civil rights action, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Miller filed this complaint against thirteen employees of the Michigan Department of Corrections. He alleged that, on May 5, 2003, a defendant guard had deprived him of books, linens, food trays, and mail, and had threatened him with sexual assault. The other twelve defendants were not mentioned in the allegations. The district court screened the complaint and sua sponte dismissed it for failure to

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Miller filed motions to amend and for reconsideration, which were denied. On appeal, Miller argues that his motion to amend should have been granted, particularly as to one defendant whom he alleges encouraged the guard's behavior.

■ Initially, we note that the district court correctly found that the complaint was subject to dismissal for failure to demonstrate the exhaustion of administrative remedies. *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir.1999). However, the district court overlooked this failure because it concluded that the complaint was nevertheless subject to dismissal for failure to state a claim. Dismissal for failure to state a claim was proper in this case, because Miller could prove no facts which would entitle him to relief. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir.1993). In order to state a claim, Miller was required to set forth the circumstances, occurrences, and events upon which his allegations were based, which this complaint failed to do. *McGregor v. Indus. Excess Landfill, Inc.*, 856 F.2d 39, 42–43 (6th Cir. 1988). The district court properly concluded that one instance of deprivation of books, linens, food trays, and mail did not violate the Eighth Amendment, and that verbal harassment was not punishment that violated Miller's constitutional rights. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987). As for the defendants who were listed in the caption but not mentioned in the complaint, the district court properly noted that they could not be held liable under respondeat superior, but must have participated in the alleged offensive conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir.1989).

Miller's argument on appeal that his post-judgment motion to amend should have been granted is without merit. No abuse of discretion is apparent in the denial of the motion, because the attachments to the motion served only to demonstrate the futility of any amendment, as they further documented Miller's failure to exhaust his administrative remedies before filing his complaint. *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir.1990).

Accordingly, the district court's order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.